UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA :
: CONSENT PRELIMINARY ORDER
- v. - : OF FORFEITURE/
: MONEY JUDGMENT
ANTHONY LEE NELSON, :
: 20 Cr. 003 (KPF)
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about January 2, 2020, ANTHONY LEE NELSON (the "Defendant"), among others, was charged in two counts of a three-count Indictment 20 Cr. 003 (KPF) (the "Indictment"), with conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about ____May 4____, 2021, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(2)(A), a sum of money equal to $1,857,348 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,857,348 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained directly or indirectly, for which the Defendant is jointly and severally liable to the following extent:

(i) $1,352,784 with co-defendant Joshua Hicks, to the extent a forfeiture money judgment is entered against Joshua Hicks in this case;

(ii) $366,005 with co-defendant Ibrahiima Doukoure, to the extent a forfeiture money judgment is entered against Ibrahiima Doukoure in this case;

(iii) $41,961 with co-defendant Oladayo Oladokun, to the extent a forfeiture money judgment is entered against Oladayo Oladokun in this case;

(iv) $40,700 with co-defendant Derrick Banks, to the extent a forfeiture money judgment is entered against Derrick Banks in this case;

(v) $28,750 with co-defendants Oladayo Oladokun and Joshua Hicks, to the extent a forfeiture money judgment is entered against Oladayo Oladokun and Joshua Hicks in this case; and

(vi) $27,148 for which no joint and several liability applies.

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained directly or indirectly, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Alexander Li of counsel, and the Defendant, ANTHONY LEE NELSON, and his counsel, Donna R. Newman, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,857,348 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained directly or indirectly, shall be entered against the Defendant, for which the Defendant is jointly and severally liable to the following extent:

    a. $1,352,784 with co-defendant Joshua Hicks, to the extent a forfeiture money judgment is entered against Joshua Hicks in this case;

    b. $366,005 with co-defendant Ibrahiima Doukoure, to the extent a forfeiture money judgment is entered against Ibrahiima Doukoure in this case;

    c. $41,961 with co-defendant Oladayo Oladokun, to the extent a forfeiture money judgment is entered against Oladayo Oladokun in this case;

    d. $40,700 with co-defendant Derrick Banks, to the extent a forfeiture money judgment is entered against Derrick Banks;

    e. $28,750 with co-defendants Oladayo Oladokun and Joshua Hicks, to the extent a forfeiture money judgment is entered against Oladayo Oladokun and Joshua Hicks in this case; and

    f. $27,148 for which no joint and several liability applies.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, ANTHONY LEE NELSON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Department of Treasury or its designee shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[REMAINDER INTENTIONALLY LEFT BLANK]

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____  March 12, 2021
Alexander Li                         DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2265

ANTHONY LEE NELSON

By: _____  5-3-21
Anthony Lee Nelson                   DATE

By: _____  April 21, 2021
Donna R. Newman, Esq.                DATE
Attorney for Defendant
20 Vesey St., Suite 400
New York, New York 10007

SO ORDERED:

_____      May 4, 2021
HONORABLE KATHERINE POLK FAILLA      DATE
UNITED STATES DISTRICT JUDGE